# In the United States Court of Federal Claims

No. 19-531C

(Filed: May 9, 2019)

```
*************************************
                                    *
FORTIS NETWORKS, INC.               *
                                    *   Motion to Dismiss; Subject Matter
                                    *   Jurisdiction; RCFC 12(b)(1);
                                    *   Contract Disputes Act; Election
                                    *   Doctrine
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

*David A. Rose*, Rose Consulting Law Firm, Valdosta, Georgia, for Plaintiff.

*Joseph A. Pixley*, Trial Attorney, with whom were *Joseph P. Hunt*, Assistant Attorney General, *Robert A. Kirschman, Jr.*, Director, *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Lauren M. Williams*, Assistant District Counsel, U.S. Army Corps of Engineers, Tulsa District, Tulsa, Oklahoma, for Defendant.

OPINION AND ORDER

WHEELER, Judge.

On April 10, 2019, Plaintiff Fortis Networks, Inc. filed an emergency motion for a temporary restraining order and a preliminary injunction, asking this Court to stop the U.S. Army Corps of Engineers (USACE) from using offsets to collect a debt. The Government responded with a Motion to Dismiss the complaint under RCFC 12(b)(1), arguing that Plaintiff is currently challenging the disputed debt before the Armed Services Board of Contract Appeals (ASBCA) and therefore this Court is without subject matter jurisdiction to rule on this matter. The case is now fully briefed and ready for decision.

As explained below, the Court agrees with Defendant and GRANTS Defendant's Motion to Dismiss this case. The Court also DENIES Plaintiff's motion for a temporary restraining order and preliminary injunction.

Background

Fortis entered into Contract No. W912BV-14-D-0005, Task Order 2, FY14 Multiple Mechanical Repairs, with the USACE, to perform repair work at Fort Sill, Oklahoma. Compl. 4. On November 7, 2018, the Contracting Officer issued a final decision giving notice to Fortis of the assessment of liquidated damages for late performance, in the amount of $578,445.00. This debt was partly satisfied by retaining the $82,000 balance remaining to be paid to Plaintiff, which left a balance of about $496,000 still due to the Government. Dkt. No. 6-1. On December 18, 2018, the USACE Finance Center sent to Fortis a demand letter to repay the debt and included a blank "voluntary installment repayment agreement" (VIRA) to repay over time. Dkt. No. 6-2. Plaintiff apparently had free choice in filling out the repayment terms and returned the signed VIRA, promising to pay $1,000 per month towards the debt. Dkt. No. 6-3. Fortis has made at least three monthly payments to USACE. Compl. 14. Plaintiff subsequently filed a notice of appeal of the Contracting Officer's liquidated damages assessment with the ASBCA on January 16, 2019. A complaint and answer have now been filed in that case, ASBCA No. 61941. Dkt. Nos. 11-1, 11-2, 11-3.

While the appeal is pending, Government collection efforts have not stopped. The USACE-Tulsa District Counsel found the VIRA executed by Fortis to be unacceptable in that it lacked a repayment schedule and did not address maturity, interest, or other terms relating to the debt. For those reasons, Tulsa District Counsel requested that the ACE Finance Center continue offset collection against other payments due to Fortis under other government contracts it is performing. Dkt. 7-3 at 2. Fortis has now filed this action in this Court in an effort to stop the offset collection, arguing that without such relief, Fortis faces financial ruin.

Discussion

A. Jurisdiction

Whether the Court has jurisdiction to decide the merits of a case is a threshold matter. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Acevedo v. United States, 824 F.3d 1365, 1368 (Fed. Cir. 2016). Further, the plaintiff

2

bears the burden of establishing facts sufficient to invoke this Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In determining whether a plaintiff has met this burden, courts may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." Lechliter v. United States, 70 Fed. Cl. 536, 543 (2006) (quoting Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

In support of its Motion to Dismiss, the Government argues that jurisdiction in this case is barred by the "Election Doctrine." This is a "body of jurisprudence" developed by this Court under the Contract Disputes Act, 41 U.S.C. § 601 et. seq., which provides a choice of forums in which to contest a contracting officer's decision. National Neighbors, Inc. v. U.S., 839 F.2d 1539, 1541-42 (Fed. Cir. 1988). The Election Doctrine holds that, once a contractor makes a binding election to appeal an adverse decision to a board of contract appeals, he cannot pursue his claim in this Court. "The Election Doctrine controls, as a matter of law." Id. at 1541.

Plaintiff counters that the Election Doctrine does not apply here because Fortis is challenging the Government's breach of the VIRA, not the merits of the Contracting Officer's final decision, which is the subject of the ASBCA appeal. Plaintiff maintains that, since the USACE Finance Center provided the installment agreement form and accepted several monthly payments, a binding contract was created, and a challenge to that contract confers jurisdiction in this Court over a matter separate from the underlying contract under challenge at the ASBCA.

As discussed, the Plaintiff has the burden of proof to show facts sufficient to invoke this Court's jurisdiction. If the Government's collection actions were to be seen as sufficiently separate from the underlying contract so as to avoid the Election Doctrine, Fortis would still have to establish jurisdiction in this Court. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court has subject matter jurisdiction to hear claims against the Government "founded . . . upon any express or implied contract with the United States." Where a plaintiff alleges that he entered into a contract with the Government, the plaintiff need only make a "non-frivolous *allegation* of a contract with the government." Mendez v. United States, 121 Fed. Cl. 370, 378 (2015) (quoting Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis in original)). Accordingly, to show jurisdiction, a plaintiff must plead the elements of a government contract: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." Biltmore Forest Broad. FM, Inc. v. United States, 555 F.3d 1375, 1380 (Fed. Cir. 2009) (citations omitted).

It is a far reach to characterize the VIRA in this case as a contract of any sort, and Plaintiff did not plead facts sufficient to show the required elements. For example, Plaintiff did not meet its burden of showing consideration, intent, or authority on the part of the Government. Therefore, the Court holds that Plaintiff's claim of breach of the VIRA is insufficient to establish jurisdiction in this Court separate from the challenge to the Contracting Officer's final decision currently pending before the ASBCA. The Court further holds that the Election Doctrine bars this Court from jurisdiction over the debt collection practices related to that decision, which should be challenged as part of that appeal.

For these reasons, the Court GRANTS the Defendant's Motion to Dismiss and DENIES Plaintiff Fortis' Motion for a Temporary Restraining Order and Motion for Preliminary Injunction. The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge